**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2009

Charles R. Fulbruge III
Clerk

No. 09-30437
Summary Calendar

ANGELO GIARDINA,

Plaintiff - Appellee

v.

ROBERT LAWRENCE,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No: 2:07-cv-06578

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Defendant Robert Lawrence petitioned for rehearing by the panel of the court's decision of November 3, 2009. Rehearing is DENIED. However, we withdraw our prior opinion and substitute the following.

Angelo Giardina brought suit against several defendants for violating his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Fourth and Fourteenth Amendment right to be free from excessive force. Defendant Robert Lawrence moved for judgment on the pleadings or, in the alternative, summary judgment. He asserted that qualified immunity applied to his actions. The district court denied the motion. We AFFIRM.

Giardina alleged that on October 9, 2006, he was attacked by another driver on the roadway in New Orleans. His attacker fled on foot; Giardina pursued and dialed 911 to report the incident. Later, as Giardina stood by his vehicle still on the line with the 911 operator, he was shot by a National Guardsman, Robert Lawrence. Giardina was then arrested for the crime of aggravated assault upon a peace officer with a firearm, even though no firearm was ever recovered from him.

Giardina filed suit under Section 1983, claiming battery under Louisiana law and excessive force and false arrest in violation of the Fourth and Fourteenth Amendments. *See* 42 U.S.C. § 1983. He sued Lawrence, the City of New Orleans, and Lieutenant Fred Austin, the police officer who ultimately arrested him.

The defendants moved for judgment on the pleadings or summary judgment. The district court dismissed the false arrest claims against Lawrence, Austin, and the City of New Orleans. The motions were denied as to the claim against Lawrence for excessive force in violation of the Fourth and Fourteenth Amendments. That claim was the only one remaining after the dismissal of the false arrest claims. Lawrence appealed. He argues that Giardina did not plead sufficient facts to identify a Fourth Amendment violation or to overcome qualified immunity.

We have jurisdiction to review the district court's order, even though it is not a final judgment. A district court order denying qualified immunity is reviewable under the collateral order doctrine, provided the decision is based on a question of law. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945-46 (2009).

*A. Motion for Judgment on the Pleadings*

This court reviews *de novo* a district court's denial of a Rule 12(c) motion for judgment on the pleadings. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). We accept the well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* A motion to dismiss is granted unless the plaintiff pleads "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In order to state a claim for the constitutional violation of excessive force, Giardina must establish that an injury occurred that resulted directly from the use of clearly excessive force, and that the excessiveness was unreasonable. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). We find the officer's use of deadly force presumptively reasonable where "the officer has reason to believe that the suspect poses a threat of serious harm to the officer or to others." *Id.* That reasonableness is judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). We do not look at the officer's subjective intent. *Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir. 2003).

Taking the pleaded facts in the light most favorable to Giardina, we find that he may be able to prove excessive force in violation of the Fourth and Fourteenth Amendments. It is true that the complaint did not include specific allegations that addressed the likely qualified immunity defense. However, a plaintiff need not anticipate the defense in the complaint. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Thus, Lawrence's argument that the complaint has not overcome qualified immunity is without merit.

The district court did not err in denying Lawrence's motion for judgment on the pleadings on the excessive force claim.

*B. Summary Judgment*

In the alternative, Lawrence requested summary judgment. "The standard of review that we apply in an interlocutory appeal asserting qualified immunity differs from the standard employed in most appeals of summary judgment rulings." *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc). We lack jurisdiction to determine whether a genuine issue of fact exists regarding the defendant's actions. *Id.* at 346. Thus, we cannot challenge the district court's determination regarding "whether there is enough evidence in the record for a jury to conclude that certain facts are true." *Id.* at 347. We do have jurisdiction over the purely legal question of whether the conduct is "objectively unreasonable in light of clearly established law." *Id.* We therefore examine whether the district court "erred in assessing the legal significance" of the conduct in question. *Id.* at 348. In this inquiry, we must accept as true the plaintiff's version of events. *Id.*

It is clearly established that it is unconstitutional for an officer to use deadly force where there is no threat of serious physical harm. *See, e.g., Tennessee v. Garner*, 471 U.S. 1, 10-12 (1985). As the district court noted, the plaintiff alleged that Lawrence shot him while he was speaking on his cell phone with the 911 operator. Giardina alleged that he was not instructed to halt or drop his weapon. Giardina did not have a weapon, and the alleged assailant had already been apprehended at the time of the shooting. While Lawrence claimed that Giardina appeared to be wielding a small revolver instead of a cell phone and that Giardina did not respond to orders to drop the weapon, the district court found these to be disputed issues of fact. If Giardina's allegations are true, a reasonable juror could find that Lawrence violated a clearly established constitutional right.

As noted above, we do not have jurisdiction to analyze whether the factual dispute is genuine, but only whether it is material. *Kinney*, 367 F.3d at 346.

The disputed facts here are material and concern whether Lawrence could lawfully use deadly force under the circumstances. The district court did not err in finding that Giardina alleged a violation of a clearly established constitutional right.

We AFFIRM.